UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY LEFRANCE RUSH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5345**<br>**c/w 06-6242** |
| **AMERICAN SECURITY INSURANCE CO.** | **SECTION: "K"(1)** |

**ORDER AND REASONS**

Before the Court are two Motions to Remand to State Court (Rec.Doc.Nos. 3 & 14) of Plaintiff Mary Lefrance Rush.[1] Defendant American Security Insurance Company ("ASI") opposes remand contending that the parties are diverse and the amount in controversy exceeds $75, 000; thus, the case was properly removed and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1441(c) and 1331. After reviewing the pleadings, memoranda, and relevant law, the

---

[1] *Mary Rush v. American Security Ins. Co.*, No. 06-6242 (E.D. La. removed September 21, 2006) was consolidated with *Mary Rush v. American Security Ins. Co.*, No. 06-5345 (E.D. La. removed August 8, 2006) on October 4, 2006. *See* Consolidation Order (Rec.Doc.No. 11). The reason for there being two motions is that one was filed prior to consolidation and the other after consolidation, despite raising the same bases for remand.

1

Court finds that Plaintiff's motion has merit and her motion is granted for the reasons assigned below.

## I. BACKGROUND

Plaintiff brought this action in the Civil District Court, Parish of Orleans, State of Louisiana. The Petition originally filed in Civil Action No. 06-5345 seeks a declaratory judgment that Plaintiff is entitled to "recover the full value of the dwelling policy limits, i.e., the remaining $49,582.42." *See* Notice of Compliance, Petition, at ¶ XI (Rec.Doc.No. 2). The Petitions in Civil Action No. 06-6242 and Civil Action No. 06-5345 are identical, and apparently, the state court suit was simply removed twice by Defendant. Defendant removed these actions maintaining that subject matter jurisdiction exists under 28 U.S.C. § 1332. Specifically, Defendant argues that diversity of citizenship is not challenged, and that the amount in controversy exceeds $75,000. The Court ordered consolidation of the two proceedings on October 4, 2006. *See* Consolidation Order (Rec.Doc.No. 11).

Plaintiff brings the instant motions to remand contending that the amount in controversy does not exceed $75,000, which precludes the Court's exercise of subject matter jurisdiction under 28 U.S.C. § 1332. Defendant, on the other hand, argues that attorney's fees and penalties available under Louisiana statutory law should be included in the Court's determination of the amount in controversy, as was held in *Bienemy v. American Sec. Ins. Co.*, 2006 WL 2925454, at *4-5 (E.D. La. Oct. 10, 2006). Inclusions of these amounts would, according to the Defendants,

make the amount in controversy over $75,000.

## II. LEGAL STANDARD

**A.     Removal**

In cases removed from state court, the removing party has the burden of establishing federal jurisdiction over the controversy. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Kidd v. SouthwestAirlines Co.*, 891 F.2d 540, 543 (5th Cir. 1990); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3739, at 470 (noting that it "is well-settled...[that] the removing party bears the burden of proof as to all elements of the removal's propriety").

Furthermore, federal courts have been directed to construe the removal statute against removal and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Crane v. New Orleans Real Estate Investors Ass'n, Inc.*, 2004 WL 1555253 (E.D. La. July 8, 2004). This rule of strict construction is "consistent with the notion that federal courts are courts of limited jurisdiction." Wright & Miller, § 3721 at 348-51. Finally, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the plaintiff. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *B Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

"Generally, the remand of a case that has been removed to federal court is governed by

statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisidiction conferred by section 1331 of this title [federal question jurisdiction], is jointed with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

28 U.S.C. § 1441(c). Section 1447(c) provides in pertinent part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. §1447(c).

These two sections provide that district courts with the general authority to remand a case over which it has no subject matter jurisdiction. *See Buchner*, 981 F.2d at 819. Furthermore, a federal district court may assert lack of subject matter jurisdiction, *sua sponte*, at any time. *See Russell v. Choicepoint Servs., Inc.,* 302 F.Supp.2d 654 (E.D.La.2004); *Patterson v. Hamrick*, 885 F.Supp. 145 (E.D.La.1995); *Wright & Miller*, § 1350.

### III. ANALYSIS

The question before the Court is whether the amount in controversy exceeds $75,000 as is required for the Court's exercise of subject matter jurisdiction under 28 U.S.C. § 1332.

**A.     Amount in Controversy**

28 U.S.C. § 1332 requires that the parties be of diverse citizenship and that the amount in controversy exceeds $75, 000. 28 U.S.C. § 1332 (2006). There is no contention that the parties are of diverse citizenship; thus, the question before the Court whether there is no subject matter jurisdiction over the dispute because the amount in controversy does not exceed $75,000.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages,[2] the removing defendant must proves by a preponderance of evidence that the amount in controversy exceeds $75, 000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (*citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Dinh v. Vessel American Freedom*, 2004 WL 258118, at *2 (E.D.La. Feb. 11, 2004) (Duval, J.). To do so, a defendant may demonstrate that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*

In situations where the amount in controversy is not facially apparent from the petition,

---

[2] LA. CODE CIV. PROC. ANN. art. 893 (2006).

5

the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 136 (5th Cir. 1995). Once a defendant has established, by a preponderance of the evidence, that the amount in controversy is sufficient to confer jurisdiction to the federal courts, the burden shifts back to the plaintiff to show, to a legal certainty, that the claim is really for less than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) ("*DeAguilar II*").

While it is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists, *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir.1961), we have applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

In order for a court to refuse jurisdiction "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount." Of course, if a plaintiff pleads damages less than the jurisdiction amount, he generally can bar a defendant from removal. Thus in the typical diversity case, the plaintiff remains the master of his complaint. *Allen,* 63 F.3d at 1335 (5th Cir. 1995).

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only be establishing, with legal certainty, that the claims are for less than $75,000. *See De Aguilar,* 47 F.3d at 1411-12. Because Louisiana plaintiffs are not limited to

recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him. *See Davis, et al v. State Farm Fire & Casualty, et al.*, No. 06-0560. E.D. La. June 6, 2006) (Vance, J.) (*quoting* LA. CODE CIV. PROC. ART. 862; *Crosby v. Lassen Canyon Nursery, Inc.,* 2003 WL 22533617, at * 3 (E.D. La. Nov. 3, 2003)).

In *Davis*, the Honorable Judge Vance addressed a plaintiff's post-removal attempt to reduce their claim for damages. *Davis,* at *10. In that case, the plaintiffs attempted to enter a stipulation that their damages did not exceed $75,000 in order to avoid federal jurisdiction. *Id.* The Court held that the plaintiffs' original stipulation "does not establish to a legal certainty that the amount in controversy at the time of removal was less than $75,000 because it does not include a renunciation of the right to enforce a judgment in the amount greater than $75,000. *Id.* Moreover, such renunciation generally must be submitted together with the complaint. *Id.*

Only in limited circumstances will a court consider post-removal affidavits or stipulations. *Id.* "If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount of controversy as of the date of removal. *Id.*

**B.     Action for Declaratory Judgment**

"In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) (*quoting Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In the context of declaratory actions seeking judgment with regard to coverage under a policy of insurance, "the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under the policy, plus any penalties allowed by state law." (citations omitted) *Bienemy v. American Sec. Ins. Co.*, 2006 WL 2925454, at * 4-5 (E.D. La. Oct. 10, 2006) (*citing Greenburg*, 134 F.3d 1259, 1253 (5th Cir. 1998). "Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages – just not interest or costs." *Greenburg*, 134 F.3d 1253.

Plaintiff's Petition specifically requests for a declaratory judgment that she is owed $49,852.42 by Defendant under her insurance policy. She neither requests attorney's fees and penalties under Louisiana law, nor makes any allegation that the failure to tender the proceeds was without cause, unreasonable, or in bad faith. Thus, it is not facially apparent from the petition that the amount in controversy exceeds $75,000.

Nonetheless, Defendant argues that the Court should include potential attorney's fees and penalties to determine the amount in controversy. Defendant cites a recent case in which the

Honorable Judge Feldman held that a court should include attorney's fees and penalties if they apply automatically, "even when the claimant has not asserted a claim of bad faith."[3] *Bienemy*, 2006 WL 2925454, at *5.

The *Bienemy* decision was based on the Fifth Circuit's decision in *Greenburg*, in which the court ultimately held that it was appropriate to include statutorily available fees and penalties to calculate the amount in controversy if such amounts apply automatically. *Greenburg*, 134 F.3d at 1255. In *Greenburg*, the insurer sought a declaratory judgment that it did not owe proceeds under the policy. The court noted that the insurer did not assert in the complaint that the insured "expressly threatened to seek statutory penalties or punitive damages [or] that St. Paul has acted with bad faith or intent." *Greenburg*, 134 F.3d at 1254. The Court also noted that "[insurer]'s complaint [contained] no prayer for a declaration of nonliability under the DTPA or the Texas Insurance Code." *Id.* The lack of these allegations supported the conclusion that it was not facially apparent that attorney's fees and penalties would be part of the amount in controversy.

However, the Fifth Circuit in *Greenburg* did ultimately find that such fees and penalties were part of the amount in controversy because they applied automatically.[4] The *Greenburg*

---

[3] As Defendant correctly notes, the plaintiff in *Bienemy* was represented by the same attorney as in the instant matter. In fact, all participants in this litigation, including the Defendant insurer, are the same as in *Bienemy* except for the actual Plaintiff. The petition in *Bienemy* is also unsurprisingly similar to that in this case. In particular, noticeably absent from the *Bienemy* petition is a request for attorney's fees or statutory penalties and an allegation of bad faith.

[4] The *Greenburg* court recognized that there were several pre-complaint letters suggesting the insured was going to seek statutory attorney's fees and penalties if the insurer refused to pay the claim. *Greenburg*, 143 F.3d 1250. While accepting this summary judgment

court cited section 6 of Article 21.55 of the Texas Insurance Code, which provides that when an insurance claim is not paid timely, the insurer "shall be liable to pay the holder of the policy..., in addition to the amount of the claim, 18 percent per annum of the amount of such claim, as damages, together with reasonable attorney's fees." *Greenburg,* 134 F.3d at 1255, n. 21 (*quoting* Tex. Ins. Code Ann. art 21.55 § 6 (West Supp. 1997)). The penalties under the Texas statutory scheme would apply "even if the insurer had a reasonable basis for denying coverage." *Id.* (*citing Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997). Thus, the Texas statutory scheme assigning penalties and fees for failure to timely pay insurance proceeds requires no additional showing for recovery beyond proof that the claim was untimely paid or not paid at all.

Here, Defendant contends that statutory attorney's fees and penalties should be added to the value of the suit, just as in *Bienemy*, under Louisiana Revised Statutes, Sections 22:1220 and 22:658. *See* Opp. Mot. Remand, at p. 2 (Rec.Doc.No. 4). Defendant argues that when the alleged $50,852.42 owed is coupled with a reasonable attorney's fee of $12,500 and a twenty-five percent penalty, the amount in controversy would exceed $75,000.[5] *Id.*

---

type of evidence, the Court did not rely on these letters to extrapolate that the controversy included claims for attorney's fees and penalties. Rather, the focus of the inquiry in *Greenburg* was that the Texas statutes providing for such penalties applied automatically, and recovery under the statutes required no additional showing by the claimant, other than proof of the underlying failure to timely pay, to warrant recovery. In the instant matter, Defendants introduce evidence of Plaintiff's state court petition, which was not removed, in which Plaintiff asserts a claim that Defendant acted arbitrarily and capriciously in failing to pay proceeds timely. *See* Opp. Mot. Remand, Exhibit A, at ¶ XVII (Rec.Doc.No. 4).

[5] Plaintiff prays for a judgment declaring that she is owed $49,852.42, though Defendant maintains that this disparity is due to an error in calculation. Using the amount in the Petition,

Louisiana Revised Statutes, Section 22:1220 provides:

> An insurer...owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

LA. REV. STAT. ANN. § 22:1220(A) (2006).

The statute supplies examples, stating that "[a]ny one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties," including "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." LA. REV. STAT. ANN. § 22:1220(B)(5) (2006).

The *Bienemy* court concluded that section 22:1220 applied automatically if the insurance claim was not paid timely. However, unlike the Texas statute in *Greenburg*, the Louisiana penalty provision only applies when the insurer is acting arbitrarily, capriciously, or without probable cause. *See Sayes v. Safeco Ins. Co. of America*, No. 89-349 (La. App. 3 Cir. 3/13/91); 576 So.2d 1071, 1074.[6] In other words, "[p]enalties and attorney fees will not be assessed against

---

and applying the Defendant's formula, the amount in controversy does not exceed $75,000, i.e. $49,852.42 + (25% of $49,852.42) + $12,500 = $74,815.53. While this might present problems if the fees and penalties applied, under the facts of this case, the Court need not determine the quantum of fees and penalties under Louisiana statutory law.

[6] The Louisiana Supreme Court granted writs in *Sayes*, and remanded specifically directing the Third Circuit to reconsider its previous denial of fees and penalties in light of La. R.S. 22:695 and *Halloway v. Liberty Mutual Ins. Co.*, No. 9722 (La. App. 1 Cir. 1974); 290 So. 2d 791, *writ denied*, 293 So.2d 191 (La. 1974); and *Gibsland Supply Co., v. American Employees Ins. Co.*, No. 11517 (La. App. 2 Cir. 1970); 242 So.2d 310, *writ denied*, 257 La. 987,

insurer unless it is clearly shown that the insurer was, in fact, arbitrary, capricious, and without probable cause in refusing to pay claims." *Willard v. R&B Falcon Drilling USA, Inc.*, 01-2334 (La. App. 1 Cir. 12/20/02); 836 So.2d 424. This holding evidences the fact that although it is difficult for an insurer to justify untimely payment when satisfactory proof of loss submitted to the insurer, "[i]n theory, at least, an insurer is entitled to have a close legal question or one of interpretation decided without risking the imposition of penalties and attorney's fees." 15 La. Civ. L. Treatise, Insurance Law & Practice § 343 (3d ed.). Thus, the issue of whether or not these penalty provisions apply depends on whether or not there is a finding that the insurer acted arbitrarily, capriciously, or without probable cause.

     Therefore, as distinguished from *Greenburg*, the Court finds that based on the language of section 22:1220 and Louisiana jurisprudence interpreting the statute, the Louisiana statutory scheme providing for penalties and fees in the case of untimely payment of insurance proceeds does not apply automatically. This means that such additional recovery must be prayed for in the petition, and these allegations are noticeably absent in the instant matter. The value of the claim, thus, would be limited to that specifically sought in the Petition, namely, the balance of what is owed under the insurance policy, which clearly does not exceed $75,000. Accordingly,

---

244 So.2d 858 (1971).

**IT IS ORDERED** that Plaintiff's Motions to Remand (Rec.Doc.Nos. 3 & 14) are hereby **GRANTED** and the consolidated Civil Actions Nos. 06-5345 & 06-6242 are **REMANDED** to state court.

New Orleans, Louisiana, on this __14th__ day of December, 2006.

											_____
											**STANWOOD R. DUVAL, JR.**
											**UNITED STATES DISTRICT COURT JUDGE**